IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FAYE HILL JACKSON

    Plaintiff,

v.

WAL-MART STORES EAST, L.P.,
d/b/a Wal-Mart Stores East I, L.P.,
and WALMART, INC.

    Defendants.

Case No.

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Wal-Mart Stores East, L.P., d/b/a Wal-Mart Stores East I, L.P. and Walmart, Inc. ("Defendants"), with full reservation of all defenses, objections, and exceptions, including but not limited to service, jurisdiction, venue, and statute of limitations, remove the above-captioned action from the District Court of Johnson County, Kansas to the United States District Court for the District of Kansas at Kansas City, Kansas pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support, Defendants state the following:

**I.  THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

1. This action is presently pending in the District Court of Johnson County, Kansas under case number 2020-CV-03552 ("Action").  The Petition was filed by Plaintiff Faye Hill Jackson ("Plaintiff") on or about August 20, 2020.

2. Plaintiff served Defendants via certified mail on August 28, 2020.  Defendants have not answered Plaintiff's Petition in the Action.

3. Pursuant to 28 U.S.C. § 1446(b), Defendants have 30 days from the receipt of the Summons and Petition to seek removal of the action to this Court.  Accordingly, this Notice of Removal is timely filed.

4. As required by 28 U.S.C. § 1446(a), a copy of all records and proceedings from the District Court of Johnson County, Kansas are attached as **Exhibit A**.

5. In accordance with 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the Clerk of District Court of Johnson County, Kansas. A copy of this Notice of Removal and the written notice of the same are also being served upon Plaintiff.

## II.   DIVERSITY JURSIDICTION EXISTS

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, is alleged by Plaintiff to exceed the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Defendants. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**a.   The Parties are Completely Diverse**

7. Plaintiff states in her Petition that she is a resident of the State of Missouri. (*See* Ex. A, ¶ 1.) Accordingly, Plaintiff is a citizen of Missouri.

8. Defendant Wal-Mart Stores East, L.P. is, and was at the time the Petition was filed and the case removed to this Court, a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. Defendant Wal-Mart Stores East is a Delaware limited partnership of which WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Walmart Stores East, LLC (f/k/a Walmart Stores East, Inc.), an Arkansas limited liability company whose parent company is Walmart Stores, Inc. The principal place of business of each of the foregoing entities is Bentonville, Arkansas. Accordingly, Wal-Mart Stores East, L.P. is a citizen of Delaware and Arkansas for the purposes of diversity jurisdiction.

9.  Walmart, Inc., is, and was at the time Plaintiff's Petition was filed and the case removed to this Court, a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Bentonville, Arkansas. *See* **Exhibit B**, Record Information from Arkansas Secretary of State. Accordingly, Defendant Walmart, Inc. is a citizen of Delaware and Arkansas for the purposes of determining this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(c).

**b.   The Amount in Controversy Requirement is Satisfied**

10.  The amount in controversy regarding Plaintiff's claims for damages is alleged to exceed $75,000. In Paragraph 7 of her Petition, Plaintiff asserts a general negligence claim against Defendants and asserts that she suffered damages "in excess of $75,000.00." Ex. A, ¶ 28.

11.  Based on the allegations asserted by Plaintiff, Defendants believe in good faith that the amount in controversy exceeds $75,000.00. Kansas law requires plaintiffs to plead a specific sum of damages. *See* K.S.A. 60-208(a)(2). Plaintiff has done so here and alleges an amount greater than $75,000.00.

12.  Accordingly, based on a preponderance of the evidence, more than $75,000.00 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met.

WHEREFORE, Defendants respectfully remove this action from the District Court of Johnson County, Kansas to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

///

Dated:  September 24, 2020

/s/ Anna M. Berman
Anna M. Berman                KS #24519
Isaac W. Straub               KS #28430
KUTAK ROCK LLP
2300 Main Street, Suite 800
Kansas City, MO  64108
Telephone: (816) 960-0090
Facsimile: (816) 960-0041
anna.berman@kutakrock.com
isaac.straub@kutakrock.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of September, 2020, a true and correct copy of the foregoing was filed via the Court's electronic filing system and a copy was sent via electronic mail to:

Cooper S. Mach
The Popham Law Firm, P.C.
712 Broadway, Suite 100
Kansas City, MO  64105
cmach@pophamlaw.com
ATTORNEY FOR PLAINTIFF

/s/ Anna M. Berman
ATTORNEY FOR DEFENDANTS

4828-6582-4715