20CV03552
Div4

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DIVISION

| | |
|---|---|
| FAYE HILL JACKSON ) <br> 1019 Chesterfield Dr. ) <br> Wentzville, MO 63385 ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> WAL-MART STORES EAST, L.P., ) <br> d/b/a Wal-Mart Stores East I, L.P., ) <br> SERVE: REGISTERED AGENT ) <br> The Corporation Company, Inc. ) <br> 112 SW 7th St., Suite 3C ) <br> Topeka, KS 66603 ) <br> ) <br> And ) <br> ) <br> WALMART, INC. ) <br> SERVE: REGISTERED AGENT ) <br> The Corporation Company, Inc. ) <br> 112 SW 7th St., Suite 3C ) <br> Topeka, KS 66603 ) <br> ) <br> DEFENDANTS. ) | Case No.: <br><br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

### PETITION FOR DAMAGES

COMES NOW Plaintiff Faye Hill Jackson and for her cause of action against Defendants states as follows:

### GENERAL ALLEGATIONS

1.      Plaintiff is an individual and a resident of the State of Missouri residing at the above address.

2.      Defendant Wal-Mart Stores East, L.P., is foreign limited partnership licensed to do business and doing business in the state of Kansas.

3.      Defendant WalMart Inc. is a foreign corporation licensed to do business and

1

*Clerk of the District Court, Johnson County Kansas*
*08/20/20  04:37pm ST*



EXHIBIT A

doing business in the state of Kansas.

4.      This cause of action arises from an injury sustained by Plaintiff at Defendants' Wal-Mart retail store located at 11701 Metcalf Ave., Overland Park, Kansas, making venue and jurisdiction appropriate in this Court.

5.      Defendants Wal-Mart Stores East, L.P., and WalMart S, Inc. (hereinafter jointly referred to as "WalMart" or "Defendants") owned and/or operated a WalMart retail store identified as store number 1599 located at 11701 Metcalf Ave., Overland Park, Kansas (hereinafter "The Store").

6.      Defendants had control over all store operations including overseeing the safe maintenance, upkeep, cleaning, and monitoring of all premises at The Store.

7.      On or about February 15, 2019 there was precipitation in the geographic area of The Store. From the time the precipitation fell to the time of the incident from which these claims arise, the outside temperature at the store never rose above freezing (32 degrees Fahrenheit).

8.      On or about February 16, 2019, plaintiff Jackson (hereinafter sometimes referred to as "plaintiff") was a customer, guest, and invitee on the premises of The Store.

9.      On or about February 16, 2019, The Store had on its property a latent defect. To wit: an accumulation of water between the front door and the cart area on a tile floor.

10.     At all relevant times hereto, defendants owed certain duties to the plaintiff, including the duty to act in a reasonable, cautious, and prudent fashion so as to prevent plaintiff from injury on the above-described premises.

11.     On or about February 16, 2019, defendants had the responsibility to provide a facility that was free of latent defects, including defects that would cause an individual, including those who are a customer, guest, or an invitee, to slip and fall resulting in injury.

12. Defendants knew, or by using ordinary care, should have known through routine maintenance or other inspection manners, of the latent defect of accumulation of water on the tile floor where it was reasonably expected that people would be walking.

13. On or about February 16, 2019, defendants WalMart were the owner/occupier of the retail facility and was in control and charge of maintenance on the premises.

14. On or about February 16, 2019, as Plaintiff was walking to grab a shopping cart, she unknowingly stepped into the tiled area where water had accumulated causing Plaintiff to slip and fall suffering serious bodily injury.

15. On or about February 16, 2019 Plaintiff had a reasonable expectation of having safe grounds to walk across including grounds free from latent defects.

16. On or about February 16, 2019 there were no signs, warnings, barricades, or indications to Plaintiff that the area of floor, which one would reasonably assume was safe to walk across, was in fact wet and posed a latent hazard.

## COUNT I

COMES NOW Plaintiff and for Count I against Defendants Wal-Mart Stores East, L.P. and WalMart Stores, Inc. states as follows:

17. Plaintiff incorporates each and every allegation set forth in the General Allegations above into Count I of her Petition.

18. As the owner and/or operator of The Store, Defendants, and their employees and agents, owed Plaintiff a duty to ensure that the store was reasonably safe and to protect invitees and customers, including the Plaintiff, from any unsafe conditions in the store. Defendants duty included maintaining safe surfaces to walk on, to warn of or barricade any unsafe areas, and/or to provide a store free of latent hazards.

19. On or about February 16, 2019, plaintiff Jackson was purchasing items at

WalMart as an invitee, when she slipped on a wet floor causing serious bodily injuries including but not limited to injuries to her hip, shoulder and lower extremities.

20. Plaintiff slipped on the wet tile floor as a direct and proximate result of negligence and failure to exercise reasonable care by Defendants, specifically including, but not limited to, the following actions and omissions constituting a breach of duties owed to Plaintiff:

 a. Failing to maintain the premises free from latent defects, such as water on the tile floor in an area that was regularly traversed by people, including Plaintiff;

 b. Failing to provide safe grounds for Plaintiff to shop at;

 c. Failing to warn Plaintiff of the dangerous condition of the moisture on the tile floor;

 d. Failing to prevent the dangerous condition of the wet tile floor which resulted in injury to plaintiff Jackson;

 e. Failing to barricade or block off the latent defect of the wet floor;

 f. Failing to have proper procedures, warnings, and instructions as to the maintenance and care of the grounds near the entryway of The Store;

 g. Allowing a latent defect to exist in The Store where it was reasonably anticipated that people, including specifically Plaintiff, would be and therefore making that location not reasonably safe;

 h. Failing to create and implement proper safety policies to protect customers from encountering a wet tile floor;

 i. Failing to inspect the area at the entrance of The Store and failing to remedy any unsafe conditions resulting from water accumulating on the tile; and

 j. Other acts of negligence and fault to be determined by way of discovery.

21. As a direct and proximate result of the carelessness and negligence of Defendants

Plaintiff suffered injuries to her hip, shoulder and lower extremities requiring medical treatment, and physical therapy, as well as general pain, suffering, and emotional distress. The duration of her damage is unknown at this time, and could persist in perpetuity for the remainder of Plaintiff's life.

22. Plaintiff Jackson's injuries are severe, permanent and progressive in nature.

23. Plaintiff was caused to suffer severe pain, discomfort, altered sensation, loss of normal sleep, general pain and suffering, and loss of enjoyment of life as a result of her injuries.

24. Plaintiff was required to spend money for medical care necessitated by the injuries caused by Defendants' actions or omissions.

25. Plaintiff will be required to spend money in the future for medical care necessitated by the injuries.

26. Plaintiff also has lost wages from her employment and will potentially lose wages in the future because her injuries are permanent in nature.

27. Plaintiff is entitled to an award of damages to compensate her for the damages and injuries she has sustained in an amount that is fair, reasonable and just.

28. Plaintiff's damages are in excess of $75,000.00.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants in an amount in excess of $75,000.00 to fairly and adequately compensate her for her injuries and damages sustained and for such other relief as this Court deems fair, proper and just.

Plaintiff demands a Jury Trial

Respectfully submitted

**THE POPHAM LAW FIRM, PC**

/s/ Cooper S. Mach
COOPER S. MACH   #27404
712 Broadway, Suite 100
Kansas City, Missouri 64105
Telephone:   816/221-2288
Facsimile:    816/221-3999
cmach@pophamlaw.com

**ATTORNEYS FOR PLAINTIFF**

20CV03552
Div4

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DIVISION

| | |
|---|---|
| FAYE HILL JACKSON | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| WAL-MART STORES EAST, L.P | ) |
| d/b/a Wal-Mart Stores East I, L.P., | ) |
| | ) **JURY TRIAL DEMANDED** |
| And | ) |
| | ) |
| WALMART, INC. | ) |
| | ) |
| DEFENDANTS. | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that Plaintiff's First Interrogatories and First Request for Production of Documents to Defendant WalMart were served with the Petition.

Respectfully submitted,

THE POPHAM LAW FIRM, PC

By: /s/ Cooper S. Mach

COOPER S. MACH KS #27404
712 Broadway, Suite 100
Kansas City, Missouri 64105
Telephone:   816/221-2288
Facsimile:   816/221-3999
E-Mail:   cmach@pophamlaw.com

ATTORNEYS FOR PLAINTIFF

*Clerk of the District Court, Johnson County Kansas*
*08/20/20  04:37pm ST*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

FAYE HILL JACKSON
                      Plaintiff                     Case No: 20CV03552
vs                                                   Division:   4
                                                            K.S.A. Chapter 60
WAL-MART STORES EAST LP
                      Defendant

REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a SUMMONS, PETITION and CERTIFICATE OF SERVICE in this action for WAL-MART STORES EAST LP whose address for service is:

      REGISTERED AGT. THE CORPORATION COMPANY, INC. 112 S.W. 7TH ST., SUITE 3C TOPEKA, KS 66603

Certified mail service by the undersigned attorney, who understands that it is their responsibility to obtain service and to make the return to the clerk.  The postal receipt for service must be filed with the Clerk's office to prove service.

                                                     By: /s/ COOPER S MACH
                                                     COOPER S MACH, #27404
                                                     712 BROADWAY STE 100
                                                     KANSAS CITY, MO 641051679
                                                     816-221-2288

*Clerk of the District Court, Johnson County Kansas*
*08/20/20  04:37pm ST*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

FAYE HILL JACKSON
                Plaintiff

vs

WAL-MART INC
                Defendant

Case No: 20CV03552
Division:  4
K.S.A. Chapter 60

## SUMMONS

To the above-named defendant:

    YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney, as follows:

        Name:    COOPER S MACH
        Address: 712 BROADWAY STE 100
                 KANSAS CITY, MO 641051679
        Phone:   (816) 221-2288

Within 21 days after service of summons upon you.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.



/s/ Jennie Leach
Clerk of the District Court

Dated:  August 21, 2020

Johnson County Court House, 100 N. Kansas Ave. Olathe, KS 66061

*Clerk of the District Court, Johnson County Kansas*
*8/21/2020 08:20:00 ST*

20CV03552
Div4

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DIVISION

| | |
|---|---|
| FAYE HILL JACKSON | ) |
|     PLAINTIFF, | ) |
| v. | ) Case No.: 20-CV03552 |
| WAL-MART STORES EAST, L.P d/b/a Wal-Mart Stores East I, L.P., | ) |
| And | ) **JURY TRIAL DEMANDED** |
| WALMART, INC. | ) |
|     DEFENDANTS. | ) |

## RETURN OF SERVICE OF SUMMONS

The undersigned hereby certifies that Plaintiff's Petition for Damages and Summons were served on Defendants WalMart, Inc. and Wal-Mart Stores East, L.P via Certified Mail Return Receipt Requested. Proof of service green cards are attached.

Respectfully submitted,

THE POPHAM LAW FIRM, PC

By:   /s/ Cooper S. Mach

COOPER S. MACH KS #27404
712 Broadway, Suite 100
Kansas City, Missouri 64105
Telephone:   816/221-2288
Facsimile:   816/221-3999
E-Mail:   cmach@pophamlaw.com

ATTORNEYS FOR PLAINTIFF

*Clerk of the District Court, Johnson County Kansas*
*09/10/20  11:27am VV*





20CV03552<br>Div4

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| FAYE HILL JACKSON<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, L.P.,<br>d/b/a Wal-Mart Stores East I, L.P.,<br>and WALMART, INC.<br><br>    Defendants. | Case No. 20CV03552<br>Division 4 |

## **CLERK'S 14-DAY EXTENSION OF TIME**

Defendants Wal-Mart Stores East, L.P., d/b/a Wal-Mart Stores East I, L.P. and Walmart, Inc., ("Defendants") by and through their undersigned counsel, pursuant to Kan. S. Ct. R. 113, moves for a Clerk's Extension of Time to file an answer or response to Plaintiff's Petition, and in support, states:

1.    Defendants were served with the Petition on August 28, 2020.

2.    Defendants' respective answers are currently due on September 18, 2020.

3.    Defendants hereby request the automatic Clerk's Extension of Time, for an additional fourteen (14) days to respond to Plaintiff's Petition.

4.    The time to answer, reply, or otherwise respond to Plaintiff's Petition has not expired.

5.    Defendants' new deadline to answer, reply, or otherwise respond would be October 2, 2020.

WHEREFORE, Defendants are granted an additional fourteen (14) days to answer, reply, or otherwise respond to Plaintiff's Petition in the above matter, up to and including October 2, 2020.

Signed this _____ day of September, 2020

/s/ SARAH TOYNBEE
Dated: 09/15/20

Clerk of the District Court

///

PREPARED AND SUBMITTED BY:

*/s/ Anna M. Berman*

| Anna M. Berman | KS #24519 |
| Isaac W. Straub | KS #28430 |

KUTAK ROCK LLP
2300 Main Street, Suite 800
Kansas City, MO  64108
Telephone: (816) 960-0090
Facsimile: (816) 960-0041
anna.berman@kutakrock.com
isaac.straub@kutakrock.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of September, 2020, a true and correct copy of the foregoing was filed via the Court's electronic filing system and a copy has been sent via electronic mail to:

>Cooper S. Mach
>The Popham Law Firm, P.C.
>712 Broadway, Suite 100
>Kansas City, MO  64105
>cmach@pophamlaw.com
>ATTORNEY FOR PLAINTIFF

*/s/ Anna M. Berman*
ATTORNEY FOR DEFENDANTS