UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FAYE HILL JACKSON,

    Plaintiff,

    v.                                                                 Case No. 20-2469-JWB

WAL-MART STORES EAST, LP (d/b/a
WAL-MART STORES EAST I, LP),
et al.,

    Defendants.

## ORDER TO SHOW CAUSE

Plaintiff, Faye Hill Jackson, filed this action against defendants, Wal-Mart Stores East, LP (d/b/a Wal-Mart Stores East I, LP), and Walmart, Inc., in the District Court of Johnson County. Defendants removed the case to the District of Kansas on September 24, 2020.[1] The notice of removal alleges this court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse.[2] However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. For example, if the business is a corporation, its citizenship is both the state where it's incorporated and the state where its principal place of business is located.[3] And if the business is an unincorporated association (such as a limited liability

---

[1] ECF No. 1.

[2] *Id.*

[3] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

company, general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members.[4] The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper.[5] It "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[6]

Here, the notice of removal indicates plaintiff is a citizen of Missouri and defendant Walmart, Inc. is a Delaware corporation with its principal place of business in Arkansas. Defendant Wal-Mart Stores East, LP is a limited partnership organized in Delaware, with its principal place of business in Arkansas.[7] WSE Management, LLC is its general partner and WSE Investment, LLC is its limited partner; the sole member of these LLCs is Walmart Stores East, LLC. The notice of removal indicates the parent company of Walmart Stores East, LLC is Walmart Stores, Inc., but it is unclear whether Walmart Stores, Inc. has full control of that LLC or if there are other minority-interest owners of Walmart Stores East, LLC, whose citizenship isn't listed in the notice of removal.

IT IS THEREFORE ORDERED that by **October 13, 2020**, defendants shall file a status report, with affidavits attached, demonstrating the full citizenship of each of the

---

[4] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

[5] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[6] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

[7] ECF No. 1.

parties – including the full ownership of Walmart Stores East, LLC – and showing cause why this case should not be dismissed for lack of jurisdiction.

Dated September 28, 2020, at Kansas City, Kansas.

 s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge
