UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FAYE HILL JACKSON,

    Plaintiff,

v.                                          Case No. 20-2469-JWB

WAL-MART STORES EAST, LP (d/b/a WAL-
MART STORES EAST I, LP),
et al.,

    Defendants.

## **ORDER**

Defendants, Wal-Mart Stores East, LP (d/b/a Wal-Mart Stores East I, LP), and Walmart, Inc., have filed a motion to file their comparative-fault identification out of time (ECF No. 18). The scheduling order, entered on December 8, 2020, set a December 18, 2020 for any party to file its comparative fault identification.[1] Plaintiff opposes the motion (ECF No. 20). For the reasons discussed below, the court grants defendants' motion.

The court may grant an extension out of time upon a showing of excusable neglect.[2] Courts consider four factors to determine excusable neglect: (1) the reason for the delay, including whether it was within the reasonable control of the movant; (2) whether the movant acted in good faith; (3) danger of prejudice to the nonmoving party; and (4) the length of the delay and its potential impact on judicial proceedings."[3] Excusable neglect

---

[1] ECF No. 17.
[2] Fed. R. Civ. P. 6(b)(1)(B); D. Kan. Rule 6.1(a); *YRC Worldwide, Inc. v. Zimmerman*, No. 09-2098-KHV, 2009 WL 10689839, at *1 (D. Kan. Nov. 3, 2009).
[3] *Id.*

is "a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[4]

Defense counsel candidly acknowledges she didn't load the December 18 deadline into her calendar until after the deadline had passed.[5] Further, defense counsel represents she believed the deadline was not until January 2021, after confusing this matter with another pending in this court.[6] After realizing her mistake, she reached out to plaintiff's counsel regarding her mistake to ask for his consent to the instant motion.[7]

The court has no reason to question counsel's representation that the delay reflects a good-faith mistake. Plaintiff concedes there was no intentional bad faith by defendant in missing the deadline but still maintains the court should still deny the motion.[8] Plaintiff argues the reasons for the delay do not constitute excusable neglect because it's "just an unfortunate case of defendant[s] failing to meet a deadline, not a misinterpretation of law or clerical calculation issue."[9] Despite purportedly sympathizing with counsel's caseload, plaintiff argues an inadvertent mistake isn't reason to grant this extension. Plaintiff cites to cases outside the District of Kansas denying motions for leave to file out of time. But

---

[4] *Baker v. Promise Reg'l Med. Ctr.*, No. 10-CV-01257-KHV-DJW, 2012 WL 899265, at *2 (D. Kan. Mar. 16, 2012) (quoting *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd Partnership,* 507 U.S. 388, 392 (1993)).
[5] ECF No. 18 at 3.
[6] *Id.*
[7] *Id.*
[8] ECF No. 20 at 5.
[9] *Id.* at 3.

the court agrees with defendants this is the type of clerical error contemplated by Fed. R. Civ. P. 6(b)(1)(B).[10]

As to the length of the delay and its impact on the proceedings, the court finds this factor also weighs in favor of an extension. Defendants filed the instant motion on December 30, 2020, 12 days after the deadline. Further, the delay occurred during a holiday week, reducing the delay to seven business days. Plaintiff agrees the length of the delay and impact on the proceedings are minimal.[11] The court finds this is a relatively minor delay "in the context of the litigation proceedings as a whole."[12]

Plaintiff contends there is a *potential* for severe prejudice because defendants will be allowed to add an additional defense.[13] But notably she doesn't articulate any *actual* prejudice. Rather, she argues defendant would likely claim prejudice in a situation where plaintiff sought to add a claim after the deadline to do so. But that hypothetical situation isn't before the court today. Defendants note they've already pleaded affirmative defenses, and plaintiff has been on notice of defendants' comparative-fault assertion.[14] Notwithstanding that point, the parties haven't served any written discovery and haven't

---

[10] *See, e.g. Patel v. Reddy*, No. 10-2403-JTM, 2010 WL 4115398, at *2 (D. Kan. Oct. 19, 2010) (discussing the difference between a clerical error, which is grounds for excusable neglect, versus making a tactical decision or intentionally disregarding a deadline).
[11] ECF No. 20 at 3.
[12] *See Baker*, 2012 WL 899265, at *2 (finding a seven-week delay for designating an expert to be excusable neglect).
[13] ECF No. 20 at 2.
[14] ECF No. 18 at 4.

taken any depositions.[15] No trial date has been set in this case, and granting this extension will not unduly impact the proceedings in the case.

Plaintiff points to defendants' "tactical decision" to remove the case to federal court, arguing they've "subjected [themselves] to the rules and the scheduling of this court."[16] Of course, defendants haven't suggested they don't have to comply with this court's rules. They just inadvertently missed a deadline and are now asking for leave to file their comparative-fault identification out of time. To be clear, the court takes scheduling-order deadlines seriously. But it also agrees defendants have shown excusable neglect under Fed. R. Civ. P. 6(b)(1)(B).

The bottom line is this – after reviewing the briefing, the court doesn't believe defendants should be prevented from rectifying their retained counsel's minor procedural mistake when that mistake has caused plaintiff no prejudice whatsoever. Although plaintiff's counsel blithely ignores this, any different ruling would only encourage "Gotcha" litigation practice, which is antithetical to the way things historically have been handled in the Kansas City legal community.

IT IS THEREFORE ORDERED that defendants' motion (ECF No. 18) is granted. The comparative-fault identification is deemed filed.

Dated January 12, 2021, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[15] *Id.*
[16] ECF No. 20 at 2.